In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Substituted Trustee under the Will of DAVID F. MANNING, Deceased, Respondent. WILLIAM A. MANNING, Appellant; WILLIAM A. FISCHER, Respondent.— Proceeding by respondent City Bank Farmers Trust Company to settle its accounts under item III of the last will and testament of David F. Manning, deceased. In that item the testator authorized his executrix to set aside from the corpus of his estate sufficient funds which when prudently invested would produce an annual income of $2,500 and directed that this amount be paid over in equal quarterly installments to his son, William A. Manning, for his support and maintenance. It was further provided in item III that testator's son was not to have the principal of this fund, nor any power of disposition thereof and at the son's death the principal was to revert to and become a part of the testator's residuary estate. The testator appointed his widow, Mary G. Manning, as executrix and named her as residuary legatee. By a codicil he appointed another as executor to serve with her. The testator was a distinguished jurist, and it is not disputed that the will and the codicil were holographic. The testator died January 18, 1929. Mrs. Manning, who was William A. Manning's mother, died February 13, 1938, leaving a last will and testament in which she bequeathed to her son the principal of the fund referred to in item III of her husband's will. In the accounting proceeding William A. Manning served a petition requesting construction of his father's and mother's wills and praying that a decree be entered pursuant to such construction directing the corporate respondent to account and to turn over to him the fund presently in its hands. On consent of the parties, the Surrogate referred the issues involved in the construction proceeding to an Official Referee to hear and determine. The Official Referee has found that the testator intended to create a trust and not an annuity. The Surrogate's decree settles the accounts of the corporate respondent and construes the testator's will as found by the Official Referee in his decision. William A. Manning appeals from the decree insofar as it construes his father's will as contained in the first five decretal paragraphs thereof. Decree of the Surrogate's Court, Kings County, insofar as appealed from, modified on the law and the facts by providing that the testator intended to create an annuity, with no right in the beneficiary to claim the fund instead of the annuity. As so modified, the decree is affirmed, with costs to all parties filing briefs, payable out of the fund. The evidence clearly shows that the testator intended to create an annuity by setting aside a fund from the corpus of his estate and that he did not intend to provide for the purchase of an annuity. His will clearly expresses his intention that the appellant was not to have the principal of the fund nor any power or disposition thereof, and that on the appellant's death the principal was to revert to and become a part of the testator's residuary estate. Under such circumstances the appellant has no right to claim the principal of the fund. Carswell, Acting P. J., MacCrate and Schmidt, JJ., concur; Johnston and Wenzel, JJ., dissent and vote to affirm. Settle order on notice. [See 281 App. Div. 699.]